IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHERYL M. ALSTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:11-cv-550-CG-M |
| | ) |
| INFIRMARY HEALTH | ) |
| HOSPITALS, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER ON THE PARTIES' RESPECTIVE MOTIONS TO STRIKE**

This matter is before the court on the motion to strike filed by the plaintiff, Cheryl M. Alston ("Alston") (Doc. 42), as well as the motion to strike filed by the defendant, Infirmary Health Hospitals, Inc. ("IHH") (Doc. 45). For the reasons enumerated below, Alston's motion to strike is **DENIED** and IHH's motion to strike is **GRANTED**.

                I.        ALSTON'S MOTION TO STRIKE

Alston asserts that Appendix A to the defendant's summary judgment reply brief (Doc. 39 at 16) is inadmissible hearsay because the document lacks a foundation that it is a business record. Alston also claims that the document appears to be created by defense counsel during the course of this litigation, and therefore is not admissible as a business record or for any other reason. (Doc. 42 at 1-2).

IHH counters that the appendix is merely a chart which summarizes evidence that was submitted contemporaneously with IHH's motion for

1

summary judgment (Doc. 24) as an attachment to the affidavit of Melissa Boesen, IHH's Human Resource Manager (Doc. 25). IHH asserts that this attachment (Doc. 25-1), which consisted of 588 pages of Daily Time and Attendance Schedule Reports reflecting time keeping and work hour information for employees in Alston's department, was offered as business record evidence. (Doc. 44 at 1); see also Doc. 25-1.

The court notes that Boesen's affidavit and the accompanying 588-page attachment were cited in IHH's memorandum in support of summary judgment. See Doc. 26 at 5. Alston also cited these two documents in her opposition brief without objecting to the admissibility of the data in the attachment. Doc. 35 at 4, n.3.

Rule 1006 of the Federal Rules of Evidence provides that "the contents of voluminous writings, records, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." The materials or documents upon which a Rule 1006 exhibit is based must be admissible under the Federal Rules of Evidence. Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1160 (11th Cir. 2004). Here, the underlying information contained in the attachment to the Boesen affidavit (Doc. 25-1) is clearly admissible as a business record, a fact not contested by Alston.

Alston's argument that "this document is clearly inadmissible hearsay" because "it appears to be a document created by IHH's attorneys during the

course of litigation," is misplaced. What is inadmissible are "summaries of records prepared for litigation." Peat, Inc., 378 F.3d at 1161. In other words, where the underlying information itself was prepared in anticipation of litigation, then the summary is inadmissible. Here, the underlying information on which the contested chart is based is clearly admissible under Federal Rule of Evidence 803(6)(B). Therefore, the chart itself is admissible pursuant to FRE 1006 and Alston's motion to strike is **DENIED**.

## II. IHH's MOTION TO STRIKE

In her motion to strike (Doc. 42), Alston claimed that she "has not had the opportunity to respond to [the chart at Doc. 39 at 16]," and attached the affidavit of Yvette English (Doc. 42-1). Alston did not explain why the English affidavit was necessary to respond to the disputed chart, nor did she attempt to relate the two documents. (Doc. 42 at 2-3). Thus, as far as the court is concerned, the English affidavit is somewhat of a non sequitur in relation to the disputed chart discussed above. IHH subsequently filed a motion to strike the English affidavit (Doc. 45), arguing that "it is nothing more than a backdoor attempt to submit additional evidence and argument relevant to the substantive summary judgment issues after the deadline for doing so." (Doc. 45 at 1). The court agrees.

Alston's argument that she had no opportunity to respond to the information contained in the chart at Appendix A of Doc. 39 is belied by her own opposition brief. See Doc. 35 at 4. There, Alston cited the very same

3

information that was summarized in the chart.  Furthermore, the court's August 7, 2012 order (Doc. 31) specifically prohibited further submissions "without the leave of the court for good cause shown," which prohibition plaintiff's counsel apparently ignored.

Accordingly, IHH's motion to strike the affidavit of Yvette English is hereby **GRANTED.**

**DONE** and **ORDERED** this 18th day of October 2012.


/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**